Amy L. B. Ginsburg
GINSBURG LAW GROUP, P.C.
1012 N. Bethlehem Pike, Suite 103, Box #9
Ambler, PA 19002
Telephone: (855) 978-6564
Facsimile:  (855) 777-0043
Email: aginsburg@ginsburglawgroup.com

*Of Counsel*
THOMASSON PLLC
402 West Broadway, Suite 950
San Diego, CA 92101
Telephone:  (973) 312-0774
Facsimile:  (973) 559-5579
Email: Amy@Thomassonpllc.com

*Attorneys for Plaintiff,*
*Julius Bryant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS BRYANT, | **Case No.** |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT AND TEXAS BUSINESS & COMMERCE CODE** |
| v. | |
| WAG LABS, INC., | |
| Defendant | **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, Julius Bryant ("Bryant"), through his counsel, and for his Complaint against Defendant WAG Labs, Inc. ("WAG") states:

### INTRODUCTION

1. Plaintiff brings this complaint for Defendant's violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, *et seq*. and sections § 305.053 and § 302.101 of the Texas Business & Commercial Code.

### PARTIES

2. Bryant is a natural person who, at all times relevant to this Complaint, resided in Arlington, Texas.

3. WAG is a for-profit company and maintains its principal place of business at 55 Francisco Street Suite 360 San Francisco, California 94133.

4. Whenever it is alleged herein that any Defendant did any act, it is meant that the Defendant performed or participated in the act or that Defendant's officers, agents or employees performed or participated in the act on behalf of and under the authority of a Defendant.

**JURISDICTION AND VENUE**

5. This Court's jurisdiction arises under 47 U.S.C. § 227(g)(2), and 28 U.S.C. §§ 1331 and 1337.

6. Supplemental jurisdiction for Plaintiff' state law claims arises under 28 U.S.C. § 1367.

7. Venue is appropriate in this federal district under 47 U.S.C. § 227(g)(4) and 28 U.S.C. § 1391 because Defendant regularly transacts business within this federal judicial district and, therefore, reside in this federal judicial district within the meaning of 28 U.S.C. § 1391(b) and (c).

**FACTUAL ALLEGATIONS**

8. WAG is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. WAG is a "telemarketer" within the meaning of 47 C.F.R. § 64.1200(f)(12).

10. Bryant's telephone number, XXX-XXX-0412, is registered to a cellular telephone service.

11. Plaintiff has never sought or solicited information regarding Defendant's services prior to receiving text messages from Defendant.

12. The Defendant has never had a "established business relationship" with Plaintiff within the meaning of 47 C.F.R. § 64.1200(f)(5).

13. Plaintiff was not interested in dog walking services.

14. Plaintiff did not consent to receiving any communications from Defendant.

15. Between February 20, 2019 and October 16, 2019, Plaintiff received sixteen (16) text messages from Defendant.

16. The text messages marketed Defendant's dog walking services, advising Plaintiff

that a dog walker was already in their neighborhood walking other dogs, and offering discounts for their services.

17. The Defendant's texts, as alleged herein, constitute "telemarketing" within the meaning of 47 C.F.R. § 64.1200(f)(13).

18. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

19. Defendants are not registered with the Office of the Secretary of State. See https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, U.S.C. 227(b)(1)(A)**

20. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

21. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

22. Defendant – or third parties directed by Defendant – used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephone of Plaintiff.

23. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff when the texts were sent.

24. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system and/or prerecorded text messages to make non-emergency telephone calls to the cell phones of Plaintiff without their prior express written consent.

-3-
COMPLAINT

25. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using equipment that at constituted an automatic telephone dialing system and/or prerecorded text message. The violations were therefore willful or knowing.

26. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for each violation.

## SECOND CAUSE OF ACTION
### Violations of the TCPA, U.S.C. 227(b)(1)(C)

27. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

28. It is a violation of the TCPA "to use … [a] device to send … an unsolicited advertisement …." 47 U.S.C. § 227(b)(1)(C).

29. The term unsolicited advertisement means "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

30. Defendant sent Plaintiff unsolicited advertisements for dog walking services.

31. These messages were sent without Plaintiff's prior express consent.

32. Thus, Defendant has violated § 227(b)(1)(C) of the TCPA by using by sending unsolicited messages to Plaintiff without their prior express written consent.

33. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for each violation.

## THIRD CAUSE OF ACTION
### Violations of Tex. Bus. & Com. Code § 305.053

34. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

35. Defendant placed telemarketing texts to Plaintiff's telephone number.

36. Each of these texts violated 47 U.S.C. § 227.

37. Plaintiff is entitled to: (a) a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305; (b). the greater of $500 for each violation

or Plaintiff's actual damages (see Tex. Bus. & Com. Code §304.053(b); (c) the greater of $1,500 for each violation or Plaintiff's actual damages for each call made knowingly or intentionally (see Tex. Bus. & Com. Code §304.053(c).

### FOURTH CAUSE OF ACTION
### Violations of Tex. Bus. & Com. Code § 302.101

38. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

39. Plaintiff is a "consumer" as defined by § 301.001(2) of the Texas Business and Commerce Code.

40. Defendant is a "telephone solicitor" as defined by § 301.001(5) of the Texas Business & Commerce Code.

41. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

42. Defendants violated § 302.101 of the Texas Business & Commercial Code when their representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

43. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of their proposed Classes, pray for the following relief:

A. An order declaring that Defendants' actions, as set out above, violate 47 U.S.C.

§227(b);

      B.      An award of statutory damages;

      C       An award of treble damages; and

      D.      Such other and further relief that the Court deems reasonable and just.

### JURY TRIAL DEMAND

Plaintiff demand trial by jury on all issues so triable.

                                          **GINSBURG LAW GROUP, P.C.**
                                          *Attorneys for Plaintiff,*
                                          *Julius Bryant*

Dated: February 17, 2023

                                By:      *s/ Amy L. B. Ginsburg*
                                                   AMY L. B. GINSBURG